UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEMEA LOYD, | ) |
| Movant, | ) |
| v. | ) No. 4:17-cv-02806 JAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Demea Loyd's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1). The Government responded. (Doc. No. 9). The matter is, therefore, ready for disposition.[1] Because the Court finds that Movant's claim can be conclusively determined based upon the parties' filings and the record, the Court decides this matter without an evidentiary hearing. See Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).

**Background[2]**

On May 26, 2016, Movant pled guilty to one count of a five-count indictment charging Wire Fraud, in violation of 18 U.S.C. § 1343, related to Movant's misappropriation of money from Sears. Pursuant to the written plea agreement, Movant admitted she had committed the offense as charged in the indictment. In exchange for her guilty plea, the Government agreed to move, at the time of sentencing, for dismissal of Counts 2 through 5 of the indictment.

---

[1] Movant did not file reply and the time for doing so has passed.

[2] The underlying criminal proceedings can be found at United States v. Loyd, 4:16-CR-00052-JAR-1.

1

Additionally, Movant agreed to waive her right to appeal all non-jurisdictional issues, and her right to appeal any sentencing issues provided the Court sentenced Movant to a term within the agreed upon sentencing range. Movant further agreed not to file any post-conviction motions or motions under 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel or prosecutorial misconduct. Movant stated that she understood she was giving up these appeal and post-conviction rights. Finally, Movant stated she was fully satisfied with her counsel's representation.

At the guilty plea hearing, Movant confirmed her satisfaction with her counsel. She also stated that the statements in the plea agreement were true. She admitted her guilt and stated that she understood her right to trial and the other rights associated with trial, and confirmed the waiver of post-conviction rights. Based on Movant's statements under oath, the Court accepted Movant's guilty plea and, on December 1, 2016, sentenced Movant to a term of imprisonment of three months followed by supervised release for a term of three years. The Court also ordered restitution in the amount of $358,805.20.

In her § 2255 motion, Movant alleges her counsel was ineffective in the execution of her guilty plea by, *inter alia*, misrepresenting her options and the likely consequences of a guilty plea; advising her to act against her own best interests; and preventing her from voicing her objections to the handling of the case. (Doc. No. 1-1 at 1-3).

**Legal standard**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek habeas relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

§ 2255(a). In order to obtain relief under § 2255, a movant must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (quoting United States v. Boone, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under § 2255 rather than on direct appeal. United States v. Davis, 452 F.3d 991, 994 (8th Cir. 2006); United States v. Cordy, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. United States v. Cronic, 466 U.S. 648, 658 (1984); United States v. White, 341 F.3d 673, 678 (8th Cir. 2003).

To prevail on an ineffective assistance of counsel claim, a defendant must first show that counsel's performance was deficient, and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687–88 (1984). Both parts of the Strickland test must be met in order for an ineffective assistance of counsel claim to succeed. Anderson v. United States, 393 F.3d 749, 753 (8th Cir.), cert. denied, 546 U.S. 882 (2005). Review of counsel's performance by the court is "highly deferential," Strickland, 466 U.S. at 689, and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance," Anderson, 393 F.3d at 753. Counsel's conduct must be scrutinized from counsel's perspective at the time of the alleged error. Carter v. Hopkins, 92 F.3d 666, 671 (8th Cir. 1996). To show prejudice in the plea context, "a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997).

**Discussion**

Movant claims her counsel misrepresented the likely consequences of a guilty plea, and in particular the likelihood that she would be able to retain ownership of her Kitchen Tune-Up franchise, and states the only reason she agreed to plead guilty was to avoid bad publicity that might harm her franchise. Movant also claims her counsel prevented her from presenting mitigating circumstances at sentencing and introducing evidence regarding Sears Hometown & Outlet's knowledge and complicity in her fraudulent activity that would have reduced the amount of restitution ordered. According to Movant, her counsel was aware of Sears Hometown & Outlet's knowledge of the fraud, but never addressed that fact at sentencing and prevented Movant from informing the Court of this.

In addition, Movant complains that her counsel failed to object to certain portions of the presentence report which Movant found unsatisfactory and prevented Movant from voicing objections to counsel's handling of the case at the conclusion of Movant's sentencing. Lastly, Movant alleges that her attorney's "incompetence led to an unfair and unduly burdensome financial settlement in my case."

Movant's claims are refuted by the record. In an affidavit, Movant's counsel states she "never promised [Movant] that if she entered a plea of guilty to the charges that she would be able to keep her Kitchen Tune-Up franchise." (Affidavit of Lucille G. Liggett ("Liggett Aff.), Doc. No. 8 at ¶ 2). Counsel discussed the charges and the Government's case with Movant and any defenses she might have to the charges. Counsel discussed Movant's right to a jury trial with her, and emphasized it was Movant's decision whether or not to go to trial. The decision to accept the plea agreement and enter a plea of guilty to the charge was Movant's decision alone. (Id. at ¶ 4). See Smith v. United States, 348 F.3d 545, 552 (6th Cir. 2003) ("The decision to

plead guilty—first, last, and always—rests with the defendant, not his lawyer. Although the attorney may provide an opinion on the strength of the government's case, the likelihood of a successful defense, and the wisdom of a chosen course of action, the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequence of a conviction.").

Counsel avers that she "did not prevent [Movant] from making any statement to the Court during her allocution or at the conclusion of the sentencing hearing" (Liggett Aff. at ¶ 12); that "[she] never advised [Movant] to conceal basic facts in her case or mislead the court" (id. at ¶ 5); and that "[she has] no knowledge or information to believe that Sears was involved in the fraudulent acts that make up the basis of the federal charges against [Movant]" (id. at ¶ 9)."

With respect to the presentence report, Movant alleges counsel did not object to certain portions of the report which she found unsatisfactory and advised Movant to accept the report to avoid a prison sentence, a claim denied by counsel. (See Liggett Aff. at ¶ 11) ("I never told [Movant] that if she objected to the report, she would go to prison. I did not assure or promise [Movant] that she would avoid a prison sentence. [Movant] knew the advisory guideline range of imprisonment was 21 to 27 months."). Moreover, counsel states that after reviewing the disclosure copy of the presentence report, she had no objections to the report and filed no objections. (Id. at ¶ 10). Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Middleton v. Roper, 455 F.3d 838, 846 (8th Cir. 2006). Objections necessarily fall within trial strategy. Counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690.

With regard to the amount of restitution Movant was ordered to pay by the Court, Movant alleges that due to her attorney's incompetence, the amount was "unfair and unduly burdensome." However, following a discussion with counsel on November 18, 2016, Movant actually agreed to the final restitution figure. (Liggett Aff. at ¶¶ 7-8). In any event, a "federal prisoner cannot challenge the restitution portion of his sentence under section 2255, because this statute affords relief only to prisoners claiming a right to be released from custody." Shepherd v. United States, 735 F.3d 797, 798 (8th Cir. 2013) (quoting United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003)).

Further, the record in the criminal case establishes that Movant knowingly, intelligently, and voluntarily entered into her plea agreement and pled guilty. She did not notify the Court of any issues she had with her attorney, despite being given the opportunity during the plea to advise the Court of any issues, concerns, or problems she was having with her attorney. Rather, Movant stated she had had enough time to talk to her counsel about her case, that her counsel had answered all of her questions and done everything she asked her to do, and that she was satisfied with her representation. Movant acknowledged that she had been fully advised as to all aspects of the case, including her legal rights and possible consequences of her guilty plea. She testified that it was her decision to plead guilty, and that no one had promised her anything, threatened her in anyway, or made any other representations of any kind to cause her to plead guilty. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (internal citations and quotation marks omitted).

6

It is clear to the Court that Movant's counsel provided thorough, competent, and complete representation and acted appropriately. Thus, the Court finds no grounds for habeas relief. Movant has failed to overcome the presumption that her counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment and thus failed to meet her burden under Strickland. Movant's claim of ineffective assistance of counsel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Demea Loyd's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [1] is **DENIED.**

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

A separate judgment will accompany this Memorandum and Order.

Dated this 7th day of May, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**